UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| V. ) | CRIMINAL NO. SA-19-CR-106-DAE |
| ) | |
| BENJAMIN JOOST BOGARD, ) | |
| ) | |
| Defendant. ) | |

### UNITED STATES OF AMERICA'S
### MOTION FOR FINAL JUDGMENT OF FORFEITURE

Comes now the United States of America, by and through the United States Attorney for the Western District of Texas and the undersigned Assistant United States Attorney, and files its Motion for Final Judgment of Forfeiture, pursuant to the provisions of Fed. R. Crim. P. 32.2(c)(2) and Title 21 U.S.C. § 853(n)(1-7), and in support thereof says the following:

**I.**

On May 1, 2019, Defendant BENJAMIN JOOST BOGARD entered an oral guilty plea to Count One of the Amended Superseding Information (Doc. 41) filed against him, charging him with the violations of Title 18 U.S.C. §§ 1466A(b)(1) and (d)(4). The Amended Superseding Information (Doc. 41) also included a Notice of Demand for Forfeiture pursuant to Title 18 U.S.C. §§ 1467(a)(1) and (3), in which the United States gave notice of its intent to forfeit certain properties, namely:

1. **Any and all online accounts used by the defendant; and**
2. **Huawei P20 Lite ANE-LX3 cellular telephone bearing serial number KPSDU18425000143,**

hereinafter referred to as the "Subject Personal Properties".

Defendant BENJAMIN JOOST BOGARD's oral guilty plea with the factual basis recited into the record establishes that the Subject Personal Properties are subject to forfeiture to the United

States pursuant to Title 18 U.S.C. §§ 1467(a)(1) and (3) for violations of Title 18 U.S.C. §§ 1466A(b)(1) and (d)(4).

## II.

On June 13, 2019, the Court entered a Preliminary Order of Forfeiture (Doc. 49) and pursuant to said order, the notice of forfeiture was posted on an official government internet website (www.forfeiture.gov) for at least thirty (30) consecutive days, beginning on June 15, 2019 and ending on July 14, 2019, as required by Fed. R. Crim. P. 32.2(b)(6)(C).  The Declaration of Publication (Doc. 51) was filed on July 15, 2019.

## III.

In addition to the publication of public notice, the following third-party individuals were served with notice of this criminal forfeiture action:

1. On July 26, 2019, direct notice of the Preliminary Order of Forfeiture was mailed by certified mail, return receipt requested and through regular mail to Robbie Bogard at his last known address. The notice sent by certified mail was not claimed, however, notice sent through regular mail was not returned;

2. On July 26, 2019, direct notice of the Preliminary Order of Forfeiture was mailed by certified mail, return receipt requested and through regular mail to Caroline Bogard at her last known address. The notice sent by certified mail was not claimed, however, notice sent through regular mail was not returned;

3. Any and all other potential petitioners have been adequately served with notice of the instant criminal forfeiture action on an official government internet website as stated above.

## IV.

The United States of America knows of no other potential persons or entities who may have a third-party interest in the Subject Personal Properties.  Court records for the United States District Clerk's Office, San Antonio Division, reveal that no petitions were filed in this cause by any third-party interests against the Subject Personal Properties pursuant to the provisions of Title 21 U.S.C.

§§ 853(n)(1-7) and Fed. R. Crim. P. 32.2(b)(2), and the time for filing such petitions has expired.

**V.**

On August 5, 2019, Defendant BENJAMIN JOOST BOGARD was sentenced to imprisonment for a total term of eighty (80) months and the Subject Personal Properties were included in his Judgment in a Criminal Case (Doc. 57) entered by this Court on August 19, 2019. Accordingly, this matter is ready for final disposition.

**VI.**

The United States of America moves the Court to find that the United States of America has established the requisite nexus between the Subject Personal Properties and the violations described above by virtue of BENJAMIN JOOST BOGARD's oral guilty plea and the factual basis recited into the record.  The United States further moves the Court to find that Defendant BENJAMIN JOOST BOGARD has an interest in the Subject Personal Properties.

Plaintiff, United States of America, further moves the Court to order that any and all right, title, and interest of Defendant BENJAMIN JOOST BOGARD in the Subject Personal Properties be forfeited to the United States of America.

Plaintiff, United States of America, further moves the Court to order that any and all right, title, and interest of Robbie Bogard in the Subject Personal Properties be held in default, and be forfeited to the United States of America.

Plaintiff, United States of America, further moves the Court to order that any and all right, title, and interest of Caroline Bogard in the Subject Personal Properties be held in default, and be forfeited to the United States of America.

Plaintiff, United States of America, further moves the Court to order that any and all right, title, and interest of all other potential petitioners in the Subject Personal Properties be held in default

and forfeited to the United States of America.

Plaintiff, United States of America, further moves this Court to order that the Federal Bureau of Investigation and United States Marshals Service and/or its designated agent, seize, take custody, control and possession of the Subject Personal Properties and dispose of the Subject Personal Properties in accordance with law at such time when all appeals have been exhausted.

Plaintiff, United States of America, further moves this Court to order that all terms and provisions contained in this Court's Preliminary Order of Forfeiture (Doc. 49) entered on June 13, 2019, in so much as may be applicable and consistent with this Order, shall remain in full force and effect.

WHEREFORE, ALL PREMISES CONSIDERED, the United States of America moves this Honorable Court for a Final Judgment of Forfeiture against the Subject Personal Properties wherein all right, title, and interest in said Subject Personal Properties shall enure to the United States of America.

                Respectfully submitted,

                JOHN F. BASH
                UNITED STATES ATTORNEY

By:   /s/
        ANTONIO FRANCO, JR.
        Assistant United States Attorney
        Asset Forfeiture Section
        601 N.W. Loop 410, Suite 600
        San Antonio, Texas 78216
        Tel: (210) 384-7040
        Fax: (210) 384-7045
        Texas Bar No. 00784077
        Email: Antonio.Franco@usdjoj.gov

## CERTIFICATE OF SERVICE

      I hereby certify that on September 18, 2019, the foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF System which will transmit notification of such filing to the following CM/ECF participant:

Michael J. Morris
Morris & Bermudez, PLLC
299 W. San Antonio Street
New Braunfels, TX 78130
Email: mmorris@mmbiblaw.com
*(Attorney for BENJAMIN JOOST BOGARD)*

                                                        /s/
                                        ANTONIO FRANCO, JR.
                                        Assistant United States Attorney

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** )<br>)<br>**Plaintiff,** )<br>)<br>V. )<br>)<br>**BENJAMIN JOOST BOGARD,** )<br>)<br>**Defendant.** ) | <br><br><br><br>**CRIMINAL NO. SA-19-CR-106-DAE** |

### FINAL JUDGMENT OF FORFEITURE

Came on to be considered the United States of America's Motion for Final Judgment of Forfeiture, pursuant to the provisions of Fed. R. Crim. P. 32.2(c)(2) and Title 21 U.S.C. §§ 853(n)(1)-(7), and this Court being fully and wholly apprised in all its premises, finds said Motion meritorious. The Court finds that the United States of America has proven by a preponderance of the evidence the nexus between the properties described below and the violations of Title 18 U.S.C. §§ 1466A(b)(1) and (d)(4), by virtue of Defendant BENJAMIN JOOST BOGARD's oral guilty plea with the factual basis recited into the record. The Court further finds that Defendant BENJAMIN JOOST BOGARD has an interest in the properties described below and does hereby GRANT said Motion.   IT IS THEREFORE,

ORDERED that all right, title, and interest of Defendant BENJAMIN JOOST BOGARD in the properties described below, to wit:

1. **Any and all online accounts used by the defendant; and**
2. **Huawei P20 Lite ANE-LX3 cellular telephone bearing serial number KPSDU18425000143,**

hereinafter referred to as the Subject Personal Properties be, and hereby is, forfeited to the United States of America; and IT IS FURTHER,

ORDERED that any and all right, title, and interest of Robbie Bogard in the Subject Personal Properties be, and hereby is, held in default and FORFEITED to the United States of America; and IT IS FURTHER,

ORDERED that any and all right, title, and interest of Caroline Bogard in the Subject Personal Properties be, and hereby is, held in default and FORFEITED to the United States of America; and IT IS FURTHER,

ORDERED that any and all right, title, and interest of any and all other potential petitioners in the Subject Personal Properties be, and hereby is, held in default and FORFEITED to the United States of America; and IT IS FURTHER,

ORDERED that the Federal Bureau of Investigation and United States Marshals Service and/or its designated agent, shall seize, take custody, control, and possession of the aforementioned forfeited Subject Personal Properties and shall dispose of same in accordance with law at such time when all appeals have been exhausted; and IT IS FURTHER,

ORDERED that all terms and provisions contained in this Court's Preliminary Order of Forfeiture (Doc. 49) entered on June 13, 2019, in so much as may be applicable and consistent with this Order, shall remain in full force and effect.

IT IS SO ORDERED.

SIGNED this _____ day of _____, 2019.

_____
DAVID A. EZRA
SENIOR UNITED STATES DISTRICT JUDGE

2